```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 2 6 2007
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Hicham Imani,

                Plaintiff(s),

-against-

U-Haul International, Inc., et al.

                Defendant(s).

No. 07 Civ. 7966 (LTS) (RLE)
INITIAL CONFERENCE ORDER

LAURA TAYLOR SWAIN, DISTRICT JUDGE:

1. It is hereby ORDERED that a pre-trial conference shall be held in the above-captioned matter on **November 16, 2007 at 11:00 a.m.** in Courtroom No. 17C[1], 500 Pearl Street, New York, New York 10007. It is further

2. ORDERED that counsel[2] for the parties confer preliminarily at least twenty-one (21) days prior to the date set forth in paragraph 1 above to discuss the following matters:

    a. Facts that are not disputed and facts that are in dispute.
    b. The disclosures required by Fed. R. Civ. P. 26(a)(1).
    c. Contested and uncontested legal issues.
    d. Settlement.
    e. Whether mediation might facilitate resolution of the case.
    f. Whether the case is to be tried to a jury.
    g. Whether each party consents to trial of the case by a magistrate judge.
    h. Evidence to be presented at trial and the length of time expected to be required for the presentation of evidence at trial.

    It is further

3. ORDERED that counsel for all parties shall confer and shall prepare, execute and file with the Court, with one courtesy copy provided to chambers of the undersigned, no later than seven (7) days before the date set forth in paragraph 1 above a single document captioned PRE-CONFERENCE STATEMENT, which shall be signed by all counsel, which shall set forth the following information, and which shall constitute the written report required by Fed R. Civ. P. 26(f) if no such report has previously been submitted:

---

[1] On the day of the conference, check the electronic board in the lobby to be certain of the proper courtroom.

[2] As used in this Order, the term "counsel" shall, in the case of an individual party who is proceeding Pro-se, mean such party.

    a. A concise statement of the nature of this action.
    b. The status of settlement discussions and the prospects for settlement of the action in whole or in part, <u>provided</u> that the Pre-Conference Statement shall not disclose to the Court specific settlement offers or demands.
    c. A concise statement of each party's position as to the basis of this Court's jurisdiction of the action, with citations to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount.
    d. A concise statement of all material uncontested or admitted facts.
    e. A concise statement of all uncontested legal issues.
    f. A concise statement of all legal issues to be decided by the Court.
    g. Each party's concise statement of material disputed facts.
    h. A concise statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense.
    i. A statement as to whether all parties consent to transfer of the case to a magistrate judge for all purposes, including trial (without identifying which parties have or have not so consented).
    j. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days expected to be needed for presentation of that party's case.
    k. What work, if any, remains before the case will be trial-ready.
    l. Any other information you believe may assist the Court in advancing your case to settlement or trial.
    m. Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).

It is further

4. ORDERED that counsel shall be prepared to discuss the foregoing at the pre-trial conference, as well as whether mediation may be helpful in resolving this case. It is further

5. ORDERED that counsel attending the pre-trial conference shall seek settlement authority from their respective clients prior to such conference. If counsel is not granted such authority, the client must be present in person or available by telephone so that a settlement can be consummated if possible. "Settlement authority," as used herein, includes the power to enter into stipulations and make admissions regarding all matters that the participants may reasonably anticipate discussing at the pre-trial conference including, but not limited to, the matters enumerated in the preceding paragraphs.

6. In the event that any party fails to comply with this Order, the Court may impose sanctions or take other action as appropriate. Such sanctions and action may include assessing costs and attorneys' fees, precluding evidence or defenses, dismissing the action, and/or the imposition of other appropriate penalties.

7.  This case has been designated an electronic case. Counsel for all parties are required to register as filing users in accordance with the Procedures for Electronic Case Filing promptly upon appearing in the case.

    IT IS SO ORDERED.

Dated: New York, New York
       September 26, 2007

                                    _____
                                    LAURA TAYLOR SWAIN
                                    United States District Judge