IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **HICHAM IMANI,** | : |
| Plaintiff, | : Civil Action No. 07-07966-LTS |
| v. | : District Judge Honorable |
| | :          Laura Taylor Swain |
| **U-HAUL INTERNATIONAL, INC., U-HAUL CO.** | : |
| **OF PENNSYLVANIA, and U-HAUL CO. OF** | : |
| **NEW YORK AND VERMONT, INC.,** | : |
| Defendant. | : |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT**

Defendants U-Haul International, Inc., U-Haul Co. of Pennsylvania, and U-Haul Co. of New York and Vermont, Inc. ("Defendants"),[1] by and through their counsel, hereby respond to the allegations of Plaintiff Hicham Imani's ("Plaintiff" or "Imani") Complaint in accordance with its numbered Paragraphs as follows:

1.    The allegations of Paragraph 1 are conclusions of law for which no responsive pleading is required. Insofar as this paragraph contains factual assertions, they are denied.

---

[1] Defendants deny that U-Haul International, Inc. and U-Haul Co. of Pennsylvania are proper parties to this action. Defendants further deny that this Court has personal jurisdiction over these two defendants. By submitting this Answer and these Affirmative Defenses, Defendants do not thereby waive their right to object to the Court's personal jurisdiction over Defendants U-Haul International, Inc. and/or U-Haul Co. of Pennsylvania, or to raise the issue of whether Defendants U-Haul International, Inc. and/or U-Haul Co. of Pennsylvania are proper parties to this action. Defendants submit the Answer and Affirmative Defenses on behalf of Defendants U-Haul International, Inc. and U-Haul Co. of Pennsylvania only until the Court has an opportunity to rule on the afore-mentioned issues. To the extent that the Court determines that it has jurisdiction over U-Haul Co. of Pennsylvania and U-Haul International, Inc., the Answer and Affirmative Defenses will apply to all Defendants, as set forth herein.

2. The allegations of Paragraph 2 are conclusions of law for which no responsive pleading is required.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff resides at 6028 Trinity Street, Philadelphia, PA, and accordingly, they are denied.

4. The allegations of Paragraph 4 are conclusions of law for which no responsive pleading is required.

5. The allegations of Paragraph 5 are conclusions of law for which no responsive pleading is required.

6. The allegations of Paragraph 6 are conclusions of law for which no responsive pleading is required.

7. The allegations of Paragraph 7 are conclusions of law for which no responsive pleading is required. Insofar as this paragraph contains factual allegations, they are denied.

8. Denied.

9. Defendants admit that Plaintiff attempts to invoke this Court's jurisdiction. The remaining allegations of Paragraph 9 are conclusions of law for which no responsive pleading is required.

10. The allegations of Paragraph 10 are conclusions of law for which no responsive pleading is required.

11. The allegations of Paragraph 11 are conclusions of law for which no responsive pleading is required.

  12. The allegations of Paragraph 12 are conclusions of law for which no responsive pleading is required.

  13. The allegations of Paragraph 13 are conclusions of law for which no responsive pleading is required.

  14. The allegations of Paragraph 14 are conclusions of law for which no responsive pleading is required.

  15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

  16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff was born in Morocco, that he is Arabic, and that he is Muslim.

  17. Denied.

  18. Denied.

  19. Denied.

  20. Denied as stated. In or around September 2005, Doug Wynne began advising the Board of Directors of U-Haul Co. of New York and Vermont, Inc., to which Plaintiff reported. From 2000 to 2003, Mr. Wynne had advised the Board of Directors of U-Haul Co. of New Jersey, Inc., to which Plaintiff had reported.

  21. Denied as stated. Defendants admit only that Mr. Wynne held the position of Area District Vice President of U-Haul Business Consultants, Inc. during the time period that Mr. Imani held the position of Marketing Company President of U-Haul Co. of Bronx/Manhattan, a division of U-Haul Co. of New York and Vermont, Inc.

22. Denied.

23. Denied.

24. Defendants are unable to admit or deny the allegations in Paragraph 24 insofar as the phrase "substantial improvements in the area with his responsibility" is vague and undefined. To the extent this paragraph contains factual allegations, they are denied.

25. Denied.

26. Denied.

27. Denied.

28. Defendants admit only that, following Mr. Imani, Jeff Sonberg held the position of Marketing Company President for U-Haul Co. of Manhattan/Bronx, a division of U-Haul Co. of New York and Vermont, Inc. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28.

## **COUNT I – TITLE VII**

29. Defendants incorporate their responses to Paragraphs 1 through 28 as if set forth herein in full.

30. Denied.

31. Denied.

No responsive pleading is required in response to Plaintiff's prayer for relief or demand for damages. Defendants deny that Plaintiff is entitled to any relief.

## COUNT II – SECTION 1981

32. Defendants incorporate their responses to Paragraphs 1 through 31 as if set forth herein in full.

33. Denied.

34. Denied.

No responsive pleading is required in response to Plaintiff's prayer for relief or demand for damages. Defendants deny that Plaintiff is entitled to any relief.

## COUNT III – NYCHRL CLAIMS

35. Defendants incorporate their responses to Paragraphs 1 through 34 as if set forth herein in full.

36. Denied.

37. Denied.

No responsive pleading is required in response to Plaintiff's prayer for relief or demand for damages. Defendants deny that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred in whole or in part to the extent he has failed to mitigate his damages.

### Second Affirmative Defense

Defendants' actions with respect to Plaintiff were based on reasonable factors other than Plaintiff's race, national origin, and/or religion.

### Third Affirmative Defense

Defendants have made a good faith effort to comply with all applicable laws, and therefore, Plaintiff is not entitled to punitive damages.

### Fourth Affirmative Defense

Defendants would have taken the same action with respect to Plaintiff's employment even in the absence of any impermissible motivating factor.

### Fifth Affirmative Defense

To the extent that Plaintiff failed to comply with the statutory and/or jurisdictional prerequisites for the institution of an action under the statutes he relies upon in the Complaint, his claims are barred and/or diminished.

### Sixth Affirmative Defense

Plaintiff's claims are barred by the relevant statutes of limitations and/or the doctrines of waiver and/or laches.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrines of estoppel and/or res judicata.

### Eighth Affirmative Defense

Plaintiff has failed to state claims upon which relief may be granted.

### Ninth Affirmative Defense

Defendants exercised reasonable care to prevent and correct promptly any harassing behavior and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

**Tenth Affirmative Defense**

Defendants U-Haul Co. of Pennsylvania and U-Haul International, Inc. did not employ Plaintiff at the time of the events in question, and thus, they are not proper parties to this action.

**Eleventh Affirmative Defense**

Defendant U-Haul Co. of Pennsylvania is not subject to the personal jurisdiction of this Court.

**Twelfth Affirmative Defense**

Defendants U-Haul International, Inc. is not subject to the personal jurisdiction of this Court.

**Thirteenth Affirmative Defense**

Defendants reserve the right to assert additional affirmative defenses that may appear and prove applicable during the course of litigation.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's Complaint and award to Defendants reasonable attorneys' fees and costs as well as any other and further relief the Court finds just and proper.

Respectfully submitted,

s/Theresa J. Chung
Michael S. Burkhardt (MB-7252)
Theresa J. Chung (TC3200)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178-0060
 (212) 309-6092
 (212) 309-6723 (fax)

Attorneys for Defendants
U-Haul International, Inc., U-Haul Co. of Pennsylvania, and U-Haul Co. of New York and Vermont, Inc.

Date: October 11, 2007

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a true and correct copy of Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint via the Court's ECF filing system and via United States Mail, this 11th day of October, 2007, on:

> Scott B. Goldshaw
> Michelle M. Rovinsky
> Katie R. Eyer
> Salmanson Goldshaw, P.C.
> Two Penn Center
> 1500 J.F.K. Blvd., Suite 1230
> Philadelphia, PA 19102

*Attorneys for Plaintiff Hicham Imani*

/s/ Theresa J. Chung
Theresa J. Chung