# EXHIBIT A

IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HICHAM IMANI, | : |
| Plaintiff, | : Civil Action No. 07-07966-LTS |
| v. | : District Judge Honorable |
| | :                Laura Taylor Swain |
| U-HAUL INTERNATIONAL, INC., U-HAUL CO. | : |
| OF PENNSYLVANIA and U-HAUL CO. OF | : |
| NEW YORK AND VERMONT, INC., | : |
| Defendant. | : |

## STIPULATION OF CONFIDENTIALITY

WHEREAS, documents and information may be produced by the parties, voluntarily or pursuant to discovery proceedings, which are confidential, proprietary, or of a personal nature to the parties or to current or former employees of Defendants U-Haul International, Inc., U-Haul Co. of Pennsylvania, and U-Haul Co. of New York and Vermont, Inc.[1] ("Defendants") (hereinafter referred to collectively as "Confidential Materials"), it is hereby stipulated and agreed by and between Plaintiff and Defendants, through their attorneys, as follows:

1.   Documents, answers to interrogatories and/or transcripts which the producing party believes in good faith contain confidential, proprietary or personal information shall be designated as confidential in writing by the producing party. Designation as "confidential" shall

---

[1]   Defendants deny that Defendants U-Haul International, Inc. and U-Haul Co. of Pennsylvania are proper parties to this action. Defendants further deny that this Court has personal jurisdiction over these two defendants. Notwithstanding these objections (and regardless of the outcome of any ruling by the Court with respect to these objections), Defendants agree to be bound by the Stipulation of Confidentiality. However, by agreeing to the terms of the Stipulation of Confidentiality, Defendants do not thereby waive their right to object to the Court's personal jurisdiction over Defendants U-Haul International, Inc. and U-Haul Co. of Pennsylvania, or to raise the issue of whether Defendants U-Haul International, Inc. and U-Haul Co. of Pennsylvania are proper parties to this action.

be made by stamping or writing "confidential" on each page of the document, answer to interrogatory and/or transcript that contains information which the producing party believes in good faith is confidential, proprietary or personal. If the receiving party disagrees with any such designation, that disagreement shall be conveyed to the producing party's counsel within ten (10) business days from the date of the receiving party's receipt of the materials. If the parties cannot reach an agreement on the disputed designation within ten (10) business days following such notification, the producing party will have the option of submitting the dispute to the Court for resolution within an additional ten (10) business days. If the dispute is not submitted to the Court by the producing party within ten (10) business days, this agreement shall not apply to the disputed materials, and the disputed materials shall not be treated as Confidential Material. If the dispute is submitted to by the producing party to the Court for resolution, the materials shall be treated as Confidential Material during the pendency of the motion.

2. Each person to whom Confidential Material, or data and information obtained, derived or generated from Confidential Material, is disclosed or made available, including experts or consultants retained by the parties, shall first be advised of the existence and the contents of this Stipulation of Confidentiality, and shall be bound by its terms and conditions and shall execute the "Agreement to be Bound to Stipulation of Confidentiality" in the form attached hereto as Exhibit "A." No such person shall divulge any confidential material, or any data and information obtained, derived, or generated from Confidential Material, to any other person, except as provided herein.

3. Confidential Material, or data and information obtained, derived, or generated from Confidential Material, shall be disclosed only to:

    a. The Court and Court personnel;

    b.    The parties and their counsel;

    c.    Independent experts or consultants; and

    d.    Witnesses or potential witnesses.

4.    If the receiving party desires to disclose Confidential Material to any individual other than those set forth in paragraph 3 a-d of this Stipulation, the receiving party shall notify counsel for the producing party and identify the documents to be disclosed, the person(s) to whom such documents will be disclosed, and the reason for disclosing such documents to that individual. The producing party will then have 14 days after receiving notice from the receiving party in which to respond. If the producing party fails to respond to the receiving party within 14 days, it will be deemed an approval of the receiving party's request. If the producing party approves the disclosure of Confidential Material to an individual not identified in paragraph 3 a-d of this Stipulation, the receiving party may disclose the identified Confidential Material to that individual only after such individual has been advised of this stipulation and order and acknowledges and agrees in writing to be bound by the terms herein. If the producing party does not consent to disclosure, the receiving party may file an appropriate motion for leave to disclose such Confidential Material.

5.    Confidential Material, or data and information obtained, derived or generated from Confidential Material, shall not be used for any purpose other than pre-trial proceedings, preparation for trial, at trial, and post-trial litigation in connection with the above-captioned action.

6.    Any documents filed with the Court containing Confidential Material shall be designated as such and filed under seal. Any documents that must be filed under seal shall be deemed timely filed if they are filed with the Clerk's Office within two business days of the

electronic filing of the primary filing (motion, stipulation, etc.) that they accompany. In addition, any documents that must be filed under seal will be sent by hand delivery or facsimile upon the opposing party within one business day of the electronic filing of the primary filing (motion, stipulation, etc.) that they accompany. Defendants will agree to file a Motion to File documents under seal within four weeks of the execution of this Stipulation. However, in the event that Defendants submit a motion to the Court that may require the attachments of documents under seal by either party, then Defendants agree that they will submit a Motion to File documents under seal in advance of, or simultaneously with, any such motion. The parties will comply with any Order from the Court regarding the filing of documents under seal.

7. This agreement shall not extend to the use of documents containing Confidential Material at trial. Should any party wish to restrict or otherwise qualify the use of Confidential Materials at trial, that party shall contact the opposing party (or parties) at least one month prior to any scheduled trial date, and shall propose terms for the treatment of Confidential Materials at trial. If the parties are unable to agree as to the proper treatment of Confidential Materials at trial, the dispute may be submitted by the party or parties desiring protections to the Court for resolution.

8. Any dispute under this Stipulation of Confidentiality shall be submitted to the Court for resolution.

9. If any Confidential Material, information or data obtained, derived or generated therefrom, is sought through discovery from the receiving party by any party in any subsequent judicial or administrative proceedings, the receiving party agrees that it will notify counsel for the producing party so as to permit the producing party to seek a protective order from the appropriate Court.

10. Within thirty (30) days after the final termination of this action, whether by settlement, dismissal or other disposition, all originals and copies of documents designated as Confidential Material shall be destroyed or returned to the producing party together with all documents containing data or information obtained, derived, or generated from such Confidential Material.

11. The parties in this matter reserve the right to enter into other stipulations or agreements as to confidentiality should they become necessary at a later point in time.

_____
Katie R. Eyer - ID 200756
Scott B. Goldshaw (SG-8549)
SALMANSON GOLDSHAW, P.C.
Two Penn Center
1500 J.F.K. Blvd., Suite 1230
215-640-0593
215-640-0596 (fax)

Attorney for Plaintiff
Hicham Imani

Date: October 22, 2007

_____
Michael S. Burkhardt (MB-7252)
Theresa J. Chung (TC3200)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178-0060
(212) 309-6092
(212) 309-6723 (fax)

Attorneys for Defendants
U-Haul International, Inc., U-Haul Co. of
Pennsylvania, and U-Haul Co. of New York
and Vermont, Inc.

Date: October 19, 2007

5

IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HICHAM IMANI,<br><br>           Plaintiff,<br><br>           v.<br><br>U-HAUL INTERNATIONAL, INC., U-HAUL CO. OF PENNSYLVANIA and U-HAUL CO. OF NEW YORK AND VERMONT, INC.,<br><br>           Defendant. | Civil Action No. 07-07966-LTS<br><br>District Judge Honorable<br>      Laura Taylor Swain |

### AGREEMENT TO BE BOUND BY STIPULATION OF CONFIDENTIALITY

Intending to be legally bound, the undersigned, in consideration of being shown documents or otherwise receiving confidential information in connection with the above-captioned lawsuit, and as an express prerequisite thereto, does hereby agree to abide by the terms of the foregoing Stipulation of Confidentiality, and further acknowledges that he/she has read and understands all obligations under the Stipulation of Confidentiality.

_____
(Signature)

_____
(Printed name)

_____
(Street)

_____
(City, state, zip code)

_____
(Telephone)

Dated: _____