

## Salmanson Goldshaw, P.C.

TWO PENN CENTER
1500 J.F.K. BLVD., SUITE 1230
PHILADELPHIA, PA 19102
215-640-0593
Fax: 215-640-0596
www.lawyers.com/salmangold

Michael J. Salmanson
Direct Dial: (215) 640-0594
msalmans@salmangold.com

Scott B. Goldshaw*
Direct Dial: (215) 640-0595
goldshaw@salmangold.com
*Also admitted in NY & NJ

Katie R. Eyer
Direct Dial: 215-640-0598
katie.eyer@salmangold.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  NOV 2 0 2007
```

November 19, 2007

**BY FACSIMILE**
Honorable Laura T. Swain
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 755
New York, NY 10007



Re:  **Imani v. U-Haul International, Inc., et al.**
     **Docket No. 07-07966 (LTS)(RLE)**

Dear Judge Swain:

We represent Plaintiff Hicham Imani, who is asserting claims for discriminatory demotion. We are writing to respectfully request a conference with the Court to address flagrant discovery abuse by Defendants.[1]

On Aug. 7, 2007, Plaintiff served his first set of interrogatories and document requests on each of the three Defendants. The parties agreed, and the Court subsequently Ordered (on Sept. 26, 2007), that responses to these discovery requests must be served by Oct. 17, 2007.

In violation of the parties' agreement and this Court's subsequent Order, two of the three Defendants have refused to provide *any response at all* to Plaintiff's discovery requests.[2] The

---

[1] Prior to this letter, we have unsuccessfully attempted to resolve the matters discussed in this letter during a telephone call with opposing counsel and in subsequent correspondence, in accordance with Individual Practice Rule No. 2B and Local Rule 37.2. We will provide copies of that correspondence under separate cover, to prevent this fax from exceeding 5 pages.

[2] The non-responding Defendants have argued that they can disregard their previous agreement and this Court's Order based on personal jurisdiction grounds, even though it was upon *their motion* that this case was transferred to this Court.

Honorable Laura T. Swain
November 19, 2007
Page 2 of 3

third Defendant has taken a totally obstructionist tack by proving responses containing <u>200 objections</u>, pursuant to which undeniably discoverable information has been withheld. For example:

- Plaintiff's Document Request No. 3 seeks: "All documents referenced in U-Haul's initial disclosures in this litigation." Although documents identified in initial disclosures are, *by definition*, discoverable, Defendant has asserted – and has refused to withdraw – multiple objections to this request, including objections based on "overbr[eadth] in time and scope" and "relevan[ce]."

- Plaintiff's Interrogatory No. 2 states: "Set forth in full detail all reasons why U-Haul demoted Mr. Imani from Marketing Company President of Bronx and New York." Although this is an employment discrimination case, and therefore the reason for Plaintiff's demotion is *the central issue* in this case, Defendant has asserted – and has refused to withdraw – multiple objections to this request, including objections based on "relevance" and "overbr[eadth]."

- On numerous occasions throughout Defendant's discovery responses, Defendant objects to the use of the term "U-Haul" as vague and undefined. Plaintiff's discovery requests *specifically define* the term "U-Haul" in the following straightforward manner: "U-Haul means one or more of the Defendants in this case."

- Defendant repeatedly objects to the disclosure of documents/information on confidentiality grounds, despite the fact that a comprehensive confidentiality agreement was negotiated and fully executed by the parties prior to Defendant's service of their discovery responses.

*We emphasize that the above are only a few examples of the many absurd positions taken by the Defendant in its responses to Plaintiff's discovery requests.*[3] To help put the extent of Defendant's non-compliance with discovery obligations into some perspective:

- More than *half* of Plaintiff's document requests have, to date, received *no response whatsoever* from Defendant other than patently frivolous objections.

- Nearly *half* of Plaintiff's interrogatories have, to date, received *no answer whatsoever* from Defendant, based on Defendant's patently frivolous objections.

---

[3] Plaintiff has not endeavored to discuss here all of the patently frivolous objections contained within Defendant's discovery responses, which would require a minimum of 30-40 pages of correspondence. Defendant's full discovery responses will follow under separate cover pursuant to Individual Practice Rule Number 1.C.

Honorable Laura T. Swain
November 19, 2007
Page 3 of 3

- *Not one* of Plaintiff's interrogatories received a full answer from the Defendant without objection.

- *Only one* of Plaintiff's document requests (*i.e.*, a request for Plaintiff's personnel file) was responded to in full by Defendant without objection (leaving aside the ten "general objections" that purport to apply to each of Plaintiff's discovery requests).

Based on Defendants' bad faith, we intend to request that the Court, as a reasonable sanction, order that: (1) each Defendant must respond fully to Plaintiff's interrogatories and document requests within 5 business days; (2) Defendants have waived all objections (except those based on privilege) based on their abuse of objections or, as to the non-responding Defendants, their failure to assert any objections by the applicable deadline; and (3) Defendants must pay Plaintiff the value of the attorney time spent by Plaintiff's counsel directly related to addressing Defendants' failure to comply with their discovery obligations in good faith.

We note that the parties are scheduled to appear for Pre-Trial conference before Your Honor on Thursday, November 29, 2007 at 2:30 PM. We will be prepared to address the issues raised in this letter at that time, should Your Honor be so inclined to address these issues during that conference. Alternatively, we respectfully request an in-person or telephone conference be scheduled to address these issues.[4]

Respectfully,

Scott Goldshaw

SBG/mcb
Enclosures (sent under separate cover)

cc: Michael Burkhardt *(letter by facsimile - enc. by regular mail)*
    Theresa Chung *(letter by facsimile - enc. by regular mail)*

SO ORDERED.

11/19/2007

LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

*Handwritten order:* Plaintiff is directed to take up these discovery issues with Magistrate Judge Ellis, to whom this case is now referred for general Pretrial Management. In light of the reference, the initial pretrial conference scheduled to be held before the undersigned on November 29, 2007, is marked off the calendar, in anticipation of rescheduling by Judge Ellis.

---

[4] We do not mean to suggest that the Court address Defendant's objections in seriatim. To the contrary, given the sheer volume of objections, we believe that would be impracticable. For example, even if just one minute were allotted for arguments on each objection and the issuance of a ruling, it would still require more than 3 hours to review the 200 objections at issue.